ON PETITION FOR REHEARING
PER CURIAM.
In a petition for rehearing, the plaintiff points out that in closing argument his attorney receded from his acceptance of advance notice as a valid condition of plaintiff’s right to visit Duda’s camp. Be that as it may, the position taken by his attorney at the beginning of the trial was such as to make the imposition of this condition no longer an issue in the case. As a consequence, there was no evidence introduced on the subject. Counsel’s change of position after the evidence was closed came too late to reinject this as a valid issue.
Actually, we construe this provision as requiring a Florida Rural Legal Services representative to do nothing more than telephone Duda and advise of his coming at the time he is leaving town to go to the camp. There is no requirement to divulge the name of the farm worker1 sought to be visited. The giving of an advanced notice appears to be a reasonable precaution • to avoid what could otherwise be an unpleasant confrontation when Duda’s personnel discover an unknown person on its premises. Nevertheless, if the plaintiff can show that Duda is using this provision to thwart the legitimate rights of Florida Rural Legal Services, Inc., he may always seek to have it removed by the trial court.
Rehearing denied.
McNULTY, C. J., and BOARDMAN and GRIMES, JJ., concur.